United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:  FRED AND LINDA KOELLING,

    Debtors/Appellants/
    Cross-Appellees.
_____/

QMECT, INC.,

    Debtor/Plaintiff,

    v.

BURLINGAME CAPITAL PARTNERS, II,
L.P.; ELECTROCHEM FUNDING, LLC,

    Defendants/Appellees/
    Cross-Appellants.
_____/

No. C 06-7796 PJH

BK Case Nos. 04-46443 T
                 04-41044 T

Adv. Case Nos. 04-4190 AT
                  04-4365 AT
                  04-4366 AT

**ORDER DENYING MOTION TO
DISMISS BANKRUPTCY APPEAL**

    Before the court is appellees/cross-appellants' Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC (collectively "Burlingame") motion to dismiss appellants/cross-appellees Linda and Fred Koelling's ("Koellings") bankruptcy appeal pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 8001 and 8006.  For the

reasons that follow, the court DENIES the motion to dismiss.

**BACKGROUND**

The parties appeal the bankruptcy court's February 8, 2006 findings of fact and conclusions of law following an eleven-day bench trial on several different issues raised in the course of consolidated adversary proceedings (04-4190 AT, 04-4365 AT, 04-4366 AT), related to debtor Qmect's now-chapter 7 bankruptcy case (04-41044 AT)[1] and to the Koellings' chapter 11 bankruptcy case (04-46443 T).  At issue in the bench trial were Qmect's equitable subordination action against Burlingame; Burlingame's proof of claim against the Koelling estate; Burlingame's guaranty action against the Koellings; and Qmect's and the Koellings' breach of fiduciary action against Burlingame.  On August 14, 2006, the bankruptcy court entered judgment in part in favor of and against Burlingame, and in part in favor of and against the Koellings and Qmect.

Following the bankruptcy court's judgment, the Koellings experienced some difficulty securing representation on appeal.  On November 28, 2006, the Koellings, with some assistance from their bankruptcy trial counsel, filed pro se a notice of appeal.  According to FRBP 8006, and as reflected by the bankruptcy court's docket, the Koellings' statement of issues ("SOI") and designation of items for the record on appeal ("DOR") were due to the bankruptcy court no later than December 8, 2006.  The Koellings did not meet the deadline, but instead on December 22, 2006, Linda Koelling wrote a letter addressed to this court requesting an extension of time to file their SOI and DOR until January 9, 2007.[2]  Because it appeared to this court that the request should have been addressed to the bankruptcy court, on January 5, 2007, the court referred the request to the bankruptcy court.[3]  The

---

[1] At the time of the bankruptcy court's February 8, 2006 order, Qmect's case was still a chapter 11 bankruptcy case; however, the case has since converted to chapter 7.

[2] Due in part to the court's unavailability and the fact that January 1 and 2, 2007 were federal holidays, the court did not receive the letter until January 3, 2007.

[3] Based on FRBP 9001(3)'s definition of "clerk," as contained in the FRBP, as "[b]ankruptcy clerk," it appeared to the court that the bankruptcy court should have received the request for an extension of time pursuant to FRBP 8006.

1  bankruptcy court, however, did not rule upon the request, and on January 12, 2007, the
2  Koellings filed their SOI and DOR with the bankruptcy court.

3  In the meantime, on December 7, 2006, Burlingame filed its notice of cross-appeal.
4  On January 18, 2007, the bankruptcy court issued a certificate of record to the parties that
5  notified them that the "all transcript(s) requested by either the Appellant or Appellee have
6  been filed with this Court," but also that "copies were not provided by the appellant."[4]

7  On March 19, 2007, Burlingame filed with this court the instant motion to dismiss the
8  Koellings' appeal based on the Koellings' late-filed SOI and DOR, their alleged failure to file
9  the documents they designated for the record on appeal, and their failure to procure and
10 file the designated transcripts. Subsequently, on March 28, 2007, the Koellings ordered
11 transcripts for the hearings designated in their DOR on an expedited basis, in the amount
12 of $8,030.32.

13 At a status conference before this court on March 29, 2007, plaintiffs, along with
14 their current attorney on appeal, Paul Manasian, appeared. Plaintiffs informed the court
15 that although they were still proceeding pro se, Manasian had agreed to represent them on
16 appeal, but that they were waiting for bankruptcy court approval. The bankruptcy court
17 subsequently approved Manasian's representation of the Koellings on appeal on April 6,
18 2007, and on April 11, 2007, the Koellings, now represented by Manasian, filed their
19 opposition to the instant motion. On April 17, 2007, the Koellings filed a notice with the
20 bankruptcy court that all designated transcripts had been ordered.  On April 25, 2007,
21 Burlingame filed its reply with this court. Following the completion of briefing on
22 Burlingame's motion to dismiss, on June 18, 2007, the transcripts ordered by the Koellings
23 were transmitted from the bankruptcy court to the clerk of this court. As of June 18, 2007, it
24 now appears that the record on appeal is complete.

---

[4]The meaning of the certificate is not entirely clear. On the one hand, it suggests that the bankruptcy court had all of the designated transcripts. On the other hand, it also suggests that "copies" of something - presumably either the documents appellants designated as part of the record or copies of transcripts - still had not been provided by appellants.

3

**DISCUSSION**

**A.     Legal Standards**

Under FRBP 8006, within ten days of filing a notice of appeal, the appellant is required to file its statement of issues and designation of items for the record on appeal. The rule further provides that the party designating an item for the record on appeal is required to provide a copy of the items designated, or "the clerk shall prepare the copy at the party's expense." Additionally, with respect to transcripts, Rule 8006 requires the party "*immediately* after filing the designation" to "deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." FRBP 8001(a), in turn, provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

The Ninth Circuit has held that as a general rule, prior to dismissing a bankruptcy appeal for failure to perfect the appeal, the district court must consider "the impact of the sanction, alternative sanctions, and the relative culpability of the appellant and his attorney, because dismissal may inappropriately punish the appellant for the neglect of his counsel." *In re Beachport Entertainment*, 396 F.3d 1083, 1087 (9th Cir. 2005) (citations omitted); *see also Fitzsimmons v. Nolden*, 920 F.2d 1468, 1472 (9th Cir. 1990). However, the district court may dismiss an appeal without consideration of alternative sanctions "in egregious circumstances." *Fitzsimmons*, 920 F.2d at 1474. "[T]he existence of bad faith is a factor that must be considered when reviewing a motion to dismiss for non-compliance with Bankruptcy Rule 8006," and bad faith will constitute egregious circumstances. *Id.* Nevertheless, "the bottom line policy consideration is whether the sanction of dismissal matches the conduct at issue." *Id.* at 1474-75.

4

**B.      Burlingame's Motion**

    **1.         Parties' Arguments**

Burlingame argues that this court should dismiss the Koellings' appeal based on their repeated violations of FRBP 8006, which it contends constitute bad faith. It bases its dismissal arguments on the following violations: (1) the Koellings' untimely filing of their SOI and DOR; (2) the Koellings' failure to order and procure the designated hearing transcripts; and (3) the Koellings' failure to transmit the other items identified in their DOR to the bankruptcy court. Burlingame asserts that the repeated violations constitute bad faith, and in support, notes that the Koellings were aware of their obligations, pointing to Linda Koelling's December 22, 2006 request for an extension of time.

In opposition, the Koellings admit that they were late filing their SOI and DOR, but argue that their conduct was neither egregious nor in bad faith. They note that they were unrepresented until the bankruptcy court approved Manasian's representation on April 6, 2007. As for their untimely filing of the SOI and DOR, the Koellings note that they requested an extension of time, but the bankruptcy court never ruled on it.[5] The Koellings also argue that they were unaware that the record was not complete. As for their untimely procurement of the transcripts, the Koellings imply that it was not obvious from the bankruptcy court's January 18, 2007 certificate of record that copies of the transcripts were missing. They contend that they actually interpreted the certificate to imply that the record was in fact complete. The Koellings assert that they did not discover that the designated transcripts had not been prepared until approximately March 27, 2007, when Linda Koelling contacted the bankruptcy court and was informed that the transcripts that had been prepared concerned Qmect's main chapter 7 bankruptcy case (which is/was on appeal before another judge) and *not* the bench trial in the consolidated adversary proceedings giving rise to this appeal.

---

[5] The Koellings, however, do not really explain why they failed to comply with the January 9, 2007 deadline they requested, instead filing the SOI and DOR on January 12, 2007.

5

The Koellings also argue that the delay caused by their failure to comply with FRBP deadlines has caused minimal, if any, prejudice to Burlingame. They assert that the delay has not affected any of the pending proceedings in the bankruptcy cases, and further note that a multi-week state court trial concerning other claims relevant to the issues on appeal and to proceedings in the bankruptcy case was set to commence on July 2, 2007. By contrast, the Koellings argue that dismissal of their appeal would result in harsh consequences not only for them, but for the creditors in their pending chapter 11 bankruptcy case.

Burlingame replies that the Koellings should not be treated differently as pro per litigants because they had assistance from counsel even at the time they filed their notice of appeal. Burlingame asserts that the Koellings are not naive pro pers, but are very court-savvy and experienced litigants given the litigation that has taken place since 2002.

Burlingame asserts that the fact that the Koellings were aware of FRBP 8006's requirements, coupled with the three months it took them to procure appellate counsel, suggests that their delay was intentional and strategic. It argues that the Koellings' assertions regarding their unawareness of the incomplete status of the record are not credible, and points to the bankruptcy court's January 18, 2007 certificate of record as support.

Burlingame also argues that it has been and will continue to be prejudiced by the delay. In support, it offers two examples of prejudice. First, it contends that the delay has necessitated otherwise unnecessary litigation costs, including the time and costs associated with the motion to dismiss. Second, it argues that the delay may cause the briefing schedule for this appeal to interfere with the July 2, 2007 state court trial.

Burlingame also includes a new argument in its reply brief - that the Koelling's post-trial motions filed and decided by the bankruptcy court were actually untimely, and thus rendered this appeal untimely. Accordingly, Burlingame contends this court lacks jurisdiction over the appeal. Finally, citing to a Ninth Circuit Rule, Burlingame argues that it

is entitled to an award of fees and costs associated with this motion.

**2.     Analysis**

It is undisputed that the Koellings filed their SOI and DOR late.  In fact, their letter requesting an extension was itself filed two weeks after the deadline had passed. However, presumably because of the timing, the bankruptcy court did not rule on the request for an extension prior to the time that the Koellings filed their SOI and DOR on January 12, 2007.  Assuming that the bankruptcy court would have granted the request for an extension, which appears to this court to have been a reasonable request, then the Koellings filed the documents, at most, three days late.

The transcripts, however, are a different story.  As noted, FRBP 8006 required that the Koellings procure the transcripts *immediately.*  The Koellings, however, did not order the transcripts until March 28, 2007 – nearly 75 days after they filed their SOI and DOR.  As noted, the Koellings state that they were confused by the bankruptcy court's seemingly contradictory January 18, 2007 certificate of record, and did not learn until March 2007 that the transcripts from the bench trial had not been prepared.  However, as Burlingame points out, the Koellings, although technically proceeding pro se until April 2007, were no strangers to litigation.  In fact, the Koellings' December 22, 2006 letter requesting an extension of time demonstrates their awareness of FRBP 8006.  In addition to the requirements regarding the SOI and DOR, FRBP 8006 also clearly places the onus for securing relevant transcripts on the designating party – in this case, the Koellings.  Under FRBP 8006, the Koellings had a duty to inquire immediately regarding the preparation of the transcripts, and should have inquired regarding the status of the transcripts immediately upon receiving the bankruptcy court's January 18, 2007 certificate of record.

As for the other documents designated by the Koellings, the parties' papers and the record are unclear as to what delay, if any, occurred regarding the Koellings' provision of those documents to the bankruptcy court in accordance with FRBP 8006.  However, the court does note, that unlike the transcripts and the SOI and DOR, Rule 8006 does

7

contemplate that the bankruptcy court itself may compile the documents at the expense of the designating party. It appears that may have occurred in this case.

In sum, the issue then becomes whether (affording the Koellings the benefit of the doubt with respect to their outstanding letter for an extension of time to file the SOI and DOR), the three-day delay in the SOI and DOR filing, combined with the 75 day delay in procuring the transcripts, constitutes bad faith amounting to "egregious circumstances."

Given the circumstances of this case, the court does not find that the Koellings' conduct rose to the level of extreme and unexcused delay that constitutes bad faith and warrants dismissal in the first instance, absent prior warning from this court and absent the use of alternative sanctions. *See, e.g., In re Beachport*, 396 F.3d at 1088 (reversing Bankruptcy Appellate Panel's ("BAP") dismissal based on party's failure to comply with procedural rules, concluding that dismissal was too harsh a remedy and that alternative sanctions should have been utilized). The delay in the other controlling Ninth Circuit case, in addition to the district cases relied on by Burlingame, was much more severe and repetitive than that which has occurred in this case. *See Fitzsimmons*, 920 F.2d at 1475 (dismissing appeal where party's failure to comply with FRBP 8006 resulted in three year delay); *In re Patin*, 199 B.R. 728, 731 (N.D. Cal. 1996) (dismissing appeal where party failed to comply with bankruptcy court order regarding perfection of record for eight months); *see also In re Aspen Healthcare, Inc.*, 265 B.R. 442, 447 (N.D. Cal. 2001) (dismissing appeal where party failed to designate record and submit SOI for 200 days after notice of appeal was filed).

In denying Burlingame's motion, the court does *not* find that the delay of 75 days in procuring the transcripts was insignificant. Nor does the court believe that the Koellings are unsophisticated pro se litigants. However, under the circumstances, which include the: (1) amount of the delay; (2) the showing of some diligence by the Koellings, as evidenced by their December 22, 2006 letter to this court; (3) the Koellings' attestations regarding the difficulty they encountered securing appellate counsel; and (4) their confusion resulting

8

from the bankruptcy court's January 18, 2007 certificate of record, the court does not find bad faith.

Additionally, other than the time and expense associated with litigating the instant motion to dismiss, the court does not find that Burlingame has been prejudiced by the delay.  The primary source of prejudice cited by Burlingame – conflict with the July 2, 2007 state court trial – should no longer be an issue given the timing of this order.  Additionally, the court has taken into consideration the conflict cited by Burlingame, and has set a briefing schedule that should eliminate any resulting prejudice.  Nevertheless, the court notes that Burlingame is represented by Allen, Matkins, Leck, Gamble, Mallory, & Natsis LLP, a firm whose own website states that it has more than 200 attorneys.  Accordingly, the court is hard-pressed to believe that Burlingame's counsel is unable to effectively prepare for and comply with the demands associated with both the state court trial and the instant appeal.

Although the court is denying Burlingame's motion to dismiss, it has considered other sanctions.  A leading bankruptcy treatise suggests that one alternative would be for the court "to refuse to consider any argument that cannot be properly reviewed absent an adequate transcript."  10 Collier on Bankruptcy, § 8006.08[1] at 8006-10 n.3 (2007 Suppl.).  However, having reviewed the issues on appeal and cross-appeal, and given the fact that the transcripts at issue cover nearly the entire bench trial giving rise to the appeal and cross-appeal, this alternative would be tantamount to dismissal.  Instead, after consideration, the court has determined that a more appropriate alternative is simply to require strict compliance with future deadlines by the Koellings.  Accordingly, the Koellings are advised that any future delay or failure to comply with the deadlines set by this order will result in dismissal under FRBP 8001.

Turning now to the issues raised by Burlingame for the first time in its reply brief, the court denies without prejudice Burlingame's request for attorneys' fees and its argument that this court lacks jurisdiction because the Koellings' post-trial motions filed and decided

9

by the bankruptcy court were actually untimely, thus rendering this appeal untimely. Burlingame should have raised these issues in its opening motion papers, thus affording the Koellings an opportunity to respond to the arguments. *See U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (citing *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999)) (declining to consider issue raised by party for the first time in reply brief because "arguments not raised by a party in its opening brief are deemed waived").

**CONCLUSION**

For the reasons above, the court DENIES Burlingame's motion to dismiss the Koellings' appeal. The court also DENIES WITHOUT PREJUDICE Burlingame's request for attorney's fees and motion to dismiss the appeal as untimely as raised for the first time in its reply brief. However, the court advises the Koellings that any future delay and/or non-compliance with the FRBP and/or this court's orders will result in dismissal of their appeal.

The Koellings are hereby ordered to file and serve their opening brief on appeal no later than **August 9, 2007.** Burlingame shall file and serve a consolidated opening brief on cross-appeal and in opposition to the Koellings' opening brief on appeal no later than **September 10, 2007.** The Koellings shall file and serve their consolidated opposition to Burlingame's cross-appeal and reply on appeal no later than **October 1, 2007.** Burlingame may file a reply, if any, on cross-appeal no later than **October 11, 2007.**

**IT IS SO ORDERED.**

Dated: July 10, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge